**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| FREDERICK ROY,<br>1437 Rosser Avenue<br>Elmont, New York 11003<br><br>     Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION<br>SERVICES, LLC<br>6 Clementon Road, East<br>Suite A2<br>Gibbsboro, New Jersey 08026<br><br>and<br><br>CHILD SUPPORT ENFORCEMENT<br>ADMINISTRATION<br>311 W. Saratoga Street<br>Baltimore, MD 21201<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer, Frederick Roy, against Equifax Information Services, LLC and Child Support Enforcement Administration (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended.

## THE PARTIES

2.      Plaintiff Frederick Roy is an adult individual residing at 1437 Rosser Avenue, Elmont, New York 11003.

3.      Defendant, Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in the District of Maryland, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, NJ 08026.

4.      Defendant, Child Support Enforcement Administration is part of a Maryland State Agency which has a principal place of business located at 311 West Saratoga Street, Baltimore, MD 21201.

## JURISDICTION & VENUE

5.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

8.      The inaccurate information includes, but is not limited to, a child support account with an erroneous late payment history when Plaintiff was never late in making any payments.

9.      The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

2

10.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

11.     Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following Equifax's established procedures for disputing consumer credit information.

12.     Plaintiff has disputed the inaccurate information with Equifax from March 2011 through the present.

13.     Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information, and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Equifax has repeatedly published and disseminated consumer reports to such third parties from at least March 2011 through the present.

14.     Despite Plaintiff's efforts, Equifax never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

15.     Notwithstanding Plaintiff's disputes, Child Support Enforcement Administration has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agency concerning Plaintiff's disputes, has willfully

continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

16.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

17.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

18.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

19.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX
## VIOLATIONS OF THE FCRA

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23.     At all times pertinent hereto, the above-mentioned credit report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

24.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

25.     The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – CHILD SUPPORT ENFORCEMENT ADMINISTRATION VIOLATIONS OF THE FCRA

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     At all times pertinent hereto Child Support Enforcement Administration was a "person" as that term defined by 15 U.S.C. § 1681a(b).

28.     Child Support Enforcement Administration violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

29.     Child Support Enforcement Administration's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Child Support Enforcement

Administration is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

GORDON & WOLF, CHTD.

Dated:  September 17, 2012                By: /s/ Martin E. Wolf
                                          Martin E. Wolf (Bar No. 09425)
                                          102 W. Pennsylvania Ave., Suite 402
                                          Towson, Maryland 21204
                                          410-825-2300 (telephone)
                                          410-825-0066 (facsimile)
                                          mwolf@gordon-wolf.com

                                          Gregory Gorski (*pro hac vice* to be submitted)
                                          FRANCIS & MAILMAN, P.C.
                                          Land Title Building, 19th Floor
                                          100 South Broad Street
                                          Philadelphia, PA 19110
                                          215-735-8600 (telephone)
                                          215-940-8000 (facsimile)
                                          ggorski@consumerlawfirm.com

                                          Attorneys for Plaintiff

## JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

/s/ Martin E. Wolf
Martin E. Wolf